IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jasper Bryant, ) | C/A No.: 1:25-11450-RMG-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| Anderson City Jail, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Jasper Bryant ("Plaintiff"), proceeding pro se, brought a complaint pursuant to 42 U.S.C. § 1983 against Anderson City Jail ("Defendant"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge dismiss the case without prejudice.

I.    Factual and Procedural Background

At the time Plaintiff filed the complaint, he was a pretrial detainee incarcerated at Anderson County Detention Center ("ACDC"). [ECF No. 1 at 2]. He alleges that on or about July 31 and August 1, 2025, while he was incarcerated at Anderson City Jail, he was assaulted three times by Rashard Smith ("Smith"), who appears to be another inmate. *Id.* at 5. He claims the assaults were "s[een] by staff and camera footage." *Id.* at 5–6. He states he was

hospitalized for three days in the neurological intensive care unit for bleeding on his brain. *Id.* at 5.

Plaintiff requests the court award him $10,000,000 in damages for his hospital bills, pain and suffering, and posttraumatic stress disorder, and $200,000 in mental health coverage, as he lives in daily fear of being attacked again. *Id.* at 6.

On August 26, 2025, the undersigned reviewed the complaint and issued a proper form order, an order and notice, and a text order denying without prejudice the motion for leave to proceed in forma pauperis. [ECF Nos. 7, 8, 9]. The proper form order permitted Plaintiff until September 16, 2025, to (1) file an amended complaint; (2) pay the filing and administrative fees or fully complete, sign, and return the Application to Proceed in District Court without Prepaying Fees or Costs (Form AO240); (3) fully complete and return a proposed summons listing every defendant named in the amended complaint; and (4) fully complete and return a form USM-285 for each defendant named in the amended complaint. [ECF No. 7]. The order and notice advised Plaintiff that his complaint was subject to summary dismissal, as he had failed to state a § 1983 claim. [ECF No. 8]. These orders were mailed to Plaintiff at ACDC, 1009 David Lee Coffee Place, Anderson, SC 29625 on August 26, 2025. [ECF No. 10].

On September 15, 2025, the orders were returned to the court with an attached sticker that read: "RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD." [ECF No. 11-1].

II.     Discussion

    A.     Standard of Review

Plaintiff attempted to file his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v.*

*City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.   Analysis

1.   Failure to Inform Court of Current Address

On August 18, 2025, Plaintiff signed a complaint in which he represented his address as "1009 David Lee Coffee Place, Anderson, SC 29625." [ECF No.

4

1 at 2, 12]. That complaint was received and docketed in this court on August 25, 2025, and the orders referenced above were mailed to Plaintiff the following day at the address he provided. *See* ECF Nos. 1, 10. Although it appears that Plaintiff was subsequently released from ACDC, he failed to inform the court of his release or provide an updated mailing address. Plaintiff has failed to advise the court in writing of a valid address where he can receive orders and other correspondence. Consequently, Plaintiff did not receive the court's August 26, 2025 orders.

> 2. Failure to Provide Documents Required for Issuance and Service of Process

Plaintiff filed a proposed summons and form USM-285, along with the complaint. [ECF No. 4]. However, he did not fully complete the summons. *See id.* The undersigned directed Plaintiff in the proper form order to fully complete and return a proposed summons and forms USM-285. *See* ECF No. 7. Because Plaintiff did not update his address with the court, he did not receive the proper form order, has not provided a properly-completed summons, and the case is not in proper form for issuance and service of process.

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of

5

cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, "[t]he Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). Given Plaintiff's failure to update his address with the court and his consequential failure to receive notice of deficiencies and bring the case into proper form, the undersigned recommends the case be dismissed.

> 3. Failure to Pay the Filing Fee or Complete and Sign a Motion for Leave to Proceed In Forma Pauperis

The undersigned further recommends the court dismiss the case based on Plaintiff's failure to pay the filing fee or be granted leave to proceed in forma pauperis.

"The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . ." 28 U.S.C. § 1914(a). However, pursuant to 28 U.S.C. § 1915(a)(1), the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give

6

security therefor." Fed. R. Civ. P. 11(a) directs that "every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."

Although Plaintiff submitted an Application to Proceed in District Court without Prepaying Fees or Costs, he only completed the caption and indicated he was being held at ACDC. *See* ECF No. 3. The undersigned interpreted Plaintiff's filing as a motion for leave to proceed in forma pauperis, but denied it without prejudice because he had neither provided the information required nor signed the motion. *See* ECF No. 9.

Plaintiff was permitted the opportunity to either pay the filing fee or fully complete and sign the motion. However, because he did not receive the order advising him of this opportunity, he has neither paid the filing fee nor filed a motion for leave to proceed in forma pauperis that complies with 28 U.S.C. § 1915(a) and Fed. R. Civ. P. 11(a). Consequently, his complaint is subject to summary dismissal.

    4.    Insufficient Allegations to State a § 1983 Claim

The court liberally construes Plaintiff's complaint as brought pursuant to 42 U.S.C. § 1983.[1] To state a plausible claim for relief under 42 U.S.C. §

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally-guaranteed rights and to provide relief to victims if such

7

1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

Plaintiff appears to allege he was physically attacked by another inmate while he was incarcerated at Anderson City Jail and that the Defendant bears some responsibility. Such claims generally fall under the Eighth Amendment's prohibition against the infliction of "cruel and usual punishments," but because Plaintiff was a pretrial detainee, the court evaluates the claim under the due process clause of the Fourteenth Amendment rather than under the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535, 537 n.16 (1979); *see also Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). "[P]retrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." *Young v. City of Mount Rainier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243–44 (1983)).

Plaintiff's allegation that he was attacked by another inmate while under the watch of jail officials is not sufficient to support a constitutional violation unless the jail officials were deliberately indifferent to his health or

---

deterrence fails.

safety. Although jail and prison officials have "a duty to protect prisoners from violence at the hands of other prisoners," "it is not . . . every injury suffered by one prisoner at the hands of another than translates into constitutional liability for prison officials." *Farmer v. Brennan*, 511 U.S. 825, 833, 834 (1994). "Such injury must be the product of prison officials' deliberate indifference to the risk of injury." *Ford v. Hooks*, 108 F.4th 224, 230 (4th Cir. 2024). Plaintiff has not indicated how jail officials were deliberately indifferent to the risk of injury that Smith presented or that they were aware of the two earlier attacks before intervening after the third attack.

Furthermore, Defendant is not a "person" amenable to suit under § 1983. Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." Inanimate objects such as buildings, facilities, and grounds are not "persons." *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Because Plaintiff has not alleged sufficient facts to support a claim of deliberate indifference to his health or safety and because Defendant is a facility, as opposed to a person, Plaintiff's complaint is subject to summary dismissal.

III.   Conclusion and Recommendation

For the foregoing reason, the undersigned recommends the court dismiss the case under 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim on which relief may be granted and for failure to pay the filing fee, failure to prosecute, and failure to comply with the court's prior orders under Fed. R. Civ. P. 41(b).

If Plaintiff notifies the court of his change of address within the time set for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return the file to the undersigned for further action. If, however, Plaintiff fails to take such action, the Clerk shall forward this Report and Recommendation to the district judge for disposition.

IT IS SO RECOMMENDED.

September 18, 2025                                 Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).